

STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

April 21, 2010

State Farm Fire & Casualty Company
2500 Memorial Boulevard % Jeff Shay
Murfreesboro, TN 37131-0001
NAIC # 25143

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7009 2820 0003 2646 6290
Cashier # 2806

Re: Thomas & Mary Hubbard   V.   State Farm Fire & Casualty Company

    Docket # 60613

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Document was served on me on April 19, 2010 by Thomas & Mary Hubbard pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Rutherford County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Rutherford County
    20 Public Square North, Rm 201
    Murfreesboro, Tn 37130

Service of Process 615.532.5260

**EXHIBIT 1**

| STATE OF TENNESSEE 16th JUDICIAL DISTRICT CIRCUIT COURT | SUMMONS | CASE FILE NUMBER 60613 |
|---|---|---|
| **PLAINTIFF** Thomas Hubbard and Mary Hubbard | **DEFENDANT** State Farm Fire and Casualty Co. vs. | |

**TO: (NAME & ADDRESS OF DEFENDANT)**

State Farm Fire and Casualty Co
c/o State of Tennessee
Commissioner, Department of Commerce and Insurance
Attention: Service of Process
500 James Robertson Parkway
Nashville, TN 37243
List each defendant on a separate summons.

YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, RUTHERFORD COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGEMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff: (Name, address & telephone number) John E. Baker Bullock, Fly, Hornsby & Evans 302 N Spring Street Murfreesboro, TN 37130 (615) 896-4154 | **DATE ISSUED & ATTESTED** April 9, 2010 ELOISE GAITHER, Circuit Court Clerk BY: _____ Deputy Clerk |
|---|---|

**CERTIFICATION**

I, ELOISE GAITHER, Clerk of the Circuit Court of Rutherford County, Tennessee, do certify this to be a true and correct copy of the original summons issued in this cause.

BY: _____ DEPUTY CLERK

| **TO THE SHERIFF:** Please execute this summons and make your return within thirty days of issuance as provided by law. | **DATE RECEIVED** Sheriff |
|---|---|

**RETURN ON PERSONAL SERVICE OF SUMMONS**

I hereby certify and return that I served this summons together with the complaint as follows:

**DATE OF PERSONAL SERVICE:**

Sheriff
BY:

Submit three copies: service copy, defendant's copy, file copy.    ADA COORDINATOR, SONYA STEPHENSON (615-494-4480)

IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE
AT MURFREESBORO

| | |
|---|---|
| THOMAS HUBBARD and<br>MARY HUBBARD,<br>　　Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY,<br>　　Defendant. | FILED<br>APR 09 2010<br>3:35 O'CLOCK P M<br>ELOISE GAITHER, CLERK<br>DEPUTY CLERK<br><br>CASE NO. 60613 |

## COMPLAINT

1. Plaintiff, Thomas Hubbard, is a resident of Rutherford County, Tennessee.

2. Plaintiff, Mary Hubbard, is a resident of Rutherford County, Tennessee.

3. Defendant, State Farm Fire and Casualty Company (hereinafter referred to as "State Farm"), is a foreign insurance company organized under the laws of the State of Illinois, authorized to do business in the State of Tennessee, and having its principal office at One State Farm Plaza, Bloomington, Illinois 61710, and a regional office located at 2500 Memorial Boulevard, Murfreesboro, Tennessee.

4. At all times relevant to this complaint, plaintiffs were homeowners whose house is located at 306 Thetahill Road, Murfreesboro, Rutherford County, Tennessee (hereinafter referred to as "home").

5. At all times relevant to this complaint, plaintiffs had in full force and effect a policy of Home Owners Insurance, Policy No. 42-EJ-0561-6 (attached hereto as Exhibit 1), drafted and issued by State Farm, providing coverage for damages to plaintiffs' home.

6. On April 10, 2009, plaintiffs sustained damages to their home caused by the high winds of a tornado.

7. Following the discovery of said damage to plaintiffs' home, plaintiffs notified State Farm of the damage and loss and made a claim under the terms of the said Homeowners Insurance Policy. Plaintiffs further provided State Farm with evidence of the loss and evidence that it was covered under the policy, and with the opportunity to further investigate and adjust the claim.

8. After reporting the damage and continuing to the present date, State Farm breached its duty under the said Homeowners Insurance Policy by failing and refusing to pay Plaintiffs' reasonable claim for repair of the home, which benefits are due and payable under the terms of the Home Owner's Insurance policy.

9. As a direct and proximate result of said breach by State Farm, Plaintiffs have suffered general and special damages.

10. Plaintiffs have performed all obligations required of them to be performed under the terms of the said Homeowners Insurance Policy, including payment of all premiums, timely submission of all documentation required of them, and all other terms excepting those obligations which Plaintiffs were excused from, either specifically or impliedly.

11. As set forth herein, Defendant has breached its contractual, common law and statutory duty to use good faith, fair dealing and diligence in responding to Plaintiffs' claim for damages to their home.

12. Defendant denied Plaintiff's claim without conducting a reasonable investigation. The investigation of State Farm was inadequate and biased.

13. On or about July 23, 2009, State Farm denied Plaintiff's claim for windstorm damage upon its determination that the damage to exterior brick was caused by settlement.

14. In response to State Farm's denial, plaintiffs hired an engineer to inspect the house.

15. The engineer hired by Plaintiffs inspected the home and determined that damage to the exterior brick as well damage to interior drywall, and damage to the rear door leading to the deck were due to high wind gust loads resulting from the tornado. The engineer found that nearly all of the veneer brick mortar cracks were found at the eave not at the footer of the house. No veneer brick mortar cracks were found at the grade level in the brick veneer. Particularly, neither the footers or foundation structure of the house showed any evidence that the house was damaged due to settlement. The engineer inspected the crawl space of the home and found nothing indicative of foundation or settlement damage.

16. The engineer retained by Plaintiffs did not find evidence of the foundation settling that State Farm asserted in the denial of the claim.

17. The engineer retained by Plaintiffs also determined that nearly all windows appeared to have been pulled away from the drywall wherein the worst case was the front porch octagon shaped window, all due to wind damage from the tornado.

18. Numerous other houses in close proximity to Plaintiffs' home sustained wind damage caused by the tornado.

19. A National Weather Service area map indicates that Plaintiff's home was in direct path of high winds of the tornado.

20. Plaintiffs provided State Farm with the said engineer findings but State Farm continued to maintain that all of the damage was caused by settling even though there was no evidence that the house had suffered damage due to settling.

21. State Farm hired an engineer to inspect Plaintiff's home. On or about September 18, 2009, this engineer also found no foundation damage in the crawl space indicative of settling. He opined that damage to the brick veneer was caused by settling, even though there was no

3

evidence that this house had actually settled. He did not opine in his report as to causation of the other damage to Plaintiff's home.

22. Upon information and belief, the engineering firm retained by State Farm to inspect the Plaintiffs' home has insurers as its primary customers, receives substantial sums of its revenue from insurers, and is biased in favor of insurers, including State Farm.

23. In denying Plaintiffs' claim, State Farm ignored the findings of Plaintiffs' engineer as to the damage to the home other than the veneer brick mortar cracks.

24. In regard to the veneer brick mortar cracks, observation of the footer and concrete masonry foundation of the home revealed no evidence of settling. State Farm's retained engineer found no such damage. Without any such evidence or further investigation, State Farm denied Plaintiffs' claim upon the rational that the damage was due to settling.

25. To the extent that the report of the engineer retained by State Farm conflicted with the report of the engineer retained by Plaintiffs, State Farm took no further investigatory action to reconcile the expert reports. State Farm did not have a reasonable procedure or standards in place for such reconciliation, or if it had such procedure, it did not utilize that procedure in this case. Further, State Farm did not obtain a third expert opinion and did not conduct soil testing of the property.

26. Defendant's actions and practices, as set forth hereinabove, were knowing and willful, and constitute unfair and deceptive acts or practices pursuant to the Tennessee Consumer Protection Act.

27. As a direct and proximate result of Defendant's unfair or deceptive acts or practices, Plaintiffs have suffered general and special damages including the loss of policy benefits, expenditure for attorney fees, investigation and expert services, loss of interest on and sums

due them under the insurance policy, continued delay in repairing the home, loss of use and enjoyment of the home due to its continued un-repair, impaired equity, stress, mental anguish and suffering.

**WHEREFORE**, Plaintiffs' pray for relief as follows:

1. That Defendant be duly cited and served with this Complaint, and that Defendant be required to file Answer to the Complaint within the time provided by law;

2. That Plaintiffs be awarded general and special damages in the amount of $60,000, or such other amount as may be proven at trial, together with pre-judgment interest thereon;

3. That Defendants be assessed additional liability for breach of defendant's duty of good faith pursuant to Tenn. Code Ann. Section 56-7-105;

4. That Plaintiffs be awarded treble damages pursuant to the Tennessee Consumer Protection Act;

5. That Plaintiffs be awarded attorney fees;

6. That Plaintiffs be awarded all general and equitable relief as is just and proper; and

7. That Defendant be assessed the costs of these proceedings.

Respectfully submitted,

*[signature]*

John H. Baker, III, BPR No. 017028
P.O. Box 398
302 North Spring Street
Murfreesboro, TN 37133-0398
615-896-4154
Fax: (615) 896-4152

*[Clerk's certification stamp: State of Tennessee, Rutherford County. The undersigned Circuit Court Clerk of the said County and State, hereby certifies that the foregoing is a correct copy of the instrument filed in the foregoing case in the Circuit Court at Murfreesboro, Tennessee. This ___ day of _____ 2010. ELOISE GARTNER, CLERK / Deputy Clerk]*

5