# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| THOMAS HUBBARD, ET AL )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE FARM FIRE AND CASUALTY COMPANY, )<br>Defendant. )<br>)<br>) | Case Number: 3-10-0485<br>Judge Trauger<br>Magistrate Judge Griffin<br><br>JURY DEMAND |

## PROPOSED CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d), the parties hereby submit this Proposed Case Management Order.

1. JURISDICTION: This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332. Jurisdiction is not disputed.

2. BRIEF THEORIES OF THE PARTIES:

   a. Plaintiffs' theory:

   Plaintiffs' house in Rutherford County, Tennessee, was damaged by tornado winds on April 10, 2009. Plaintiffs had homeowner's insurance with State Farm and made a claim for damages. State Farm denied the claim on the basis that the damage was due to settling not wind damage.

   Thereafter, plaintiff's provided State Farm an engineering report indicating that the damage was due to the high winds from the tornado. Particularly, the engineer found that nearly all of the veneer brick mortar cracks were at the eave not at the footer of the house; no veneer brick mortar cracks were found at the grade level in the

brick veneer. Nor did the footers, crawl space, or foundation structure of the house reveal any evidence that the house was damaged due to settling.

State Farm hired an engineer from EFI Global to inspect the property. This engineer also found no damage to the foundation, crawl space or footers that would be indicative of settling. He does not appear to have found damage to brick mortar at the ground or foundation level. Nonetheless, he opined that the damage to the house was due to settling of the house.

State Farm informed plaintiffs that the claim remained denied and that if plaintiffs wanted to pursue the matter further they would have to file a lawsuit. State Farm undertook no further investigation to determine the cause of damage to plaintiff's home or to determine how settling could have caused the damage when there was no foundational evidence of settling. State Farm did not undertake further investigation of the issue until this lawsuit was filed.

After plaintiffs filed lawsuit, State Farm sent another engineer to inspect the house, and that engineer determined that the damage was due to high winds, not settlement.

Plaintiffs have filed lawsuit against State Farm for breach of contract, violation of duty of good faith and violation of the Tennessee Consumers Protection Act ("TCPA").

b. Defendant's theory:

State Farm received notice of Plaintiffs' claim on July 13, 2009. Plaintiffs informed State Farm that there were cracks in the brick veneer of their home that they believed was related to the tornado that swept through the Murfreesboro area on April 10,

2009. State Farm sent a claim representative to inspect the Plaintiffs' home on July 23, 2009 and noted that there was settlement on the right, front, and left elevations. The claim representative explained that there was no coverage for settlement.

On September 10, 2009, State Farm hired an engineering company to conduct an inspection. The engineer company inspected the property on September 16, 2009 and confirmed the prior conclusion of the two claim's representatives - that the cause of the damage to the Plaintiff's home was settlement. This was inconsistent with the conclusion reached by the engineer hired by Plaintiffs, who opined that the damage to Plaintiffs' home was caused by high winds.

In light of the differing conclusions reached by the engineering companies, the parties agreed that a third engineer should inspect Plaintiffs' home. That engineer determined that the damage to Plaintiffs' home was caused by wind, but that the damage was cosmetic and not structural. State Farm has since informed Plaintiffs that it considers the damage to be a covered loss, and the parties will address the proper remedy for the damage.

3. ISSUES RESOLVED: Jurisdiction and venue.

4. ISSUES STILL IN DISPUTE: Liability for violation of bad faith statute and violation of TCPA and damages.

5. MANDATORY INITIAL DISCLOSURES: Pursuant to Fed. Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 14 days after the initial case management conference which is August 16, 2010.

6. DISCOVERY: Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts.

No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

The parties shall complete all written discovery and depose all factual witnesses on or before December 31, 2010.

7. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before January 31, 2011. The defendant shall identify and disclose all experts and reports on or before February 28, 2011.

8. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before March 31, 2011.

9. MOTIONS TO AMEND: The parties shall file all motions to Amend on or before December 15, 2010.

10. DISPOSITIVE MOTIONS: Briefs shall not exceed <u>20 pages</u>. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the court.

The parties shall file all dispositive motions on or before May 31, 2011. Responses to dispositive motions shall be filed no later than 30 days after the filing of the dispositive motion. Optional replies to dispositive motions, if any, shall be filed no later than 10 days after the filing of the response. Briefs shall not exceed 20 pages.

11. JOINT MEDIATION REPORT: The parties shall file a joint mediation report by April 30, 2011.

4

12. ELECTRONIC DISCOVERY: The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

13. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately three days.

IT IS SO ORDERED.

Entered this the _2nd__ day of August, 2010.

_____
ALETA A. TRAUGER
United States District Court Judge

Approval for Entry:

/S/
_____
John H. Baker, III, BPR No. 017028
Attorney for Plaintiff
Bullock, Fly, Hornsby & Evans
302 North Spring Street
P. O. Box 398
Murfreesboro, TN 37133-0398
(615) 896-4154
Fax: (615) 896-4152
e-mail: john@bakercounsel.com


/S/
_____
BrigidM. Carpenter, BPR No. 018134
Sonya Smith, BPR No. 023898
Baker, Donelson, Bearman, Caldwell & Berkwitz, P.C.
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, TN 37201
(615) 726-5600